IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Philadelphia Indemnity Insurance Company,

        Plaintiff,

v.                                              No.1:18-cv-18

Rached K. Merheb DBA Star Limo and Star Limo LLC; Vango LLC d/b/a 505 Vango; Majdeline Adi Dajani, Individually, and as Parent, Guardian, and Next Friend of Naveen Dajani; Naydeen Dajani, Individually; Ausifa Hamdan, Individually, and as Parent, Guardian, and Next Friend of Dayna Hamdan; Hana Hamdan, Individually; Samia Ahmad, Individually, and as Parent, Guardian, and Next Friend of Amanni Ali; and Rola St. George, Individually, and as Parent, Guardian, and Next Friend of Jeanine St. George,

        Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Philadelphia Indemnity Insurance Company ("Philadelphia"), by way of Declaratory Judgment alleges as follows:

## PARTIES

1. Plaintiff, Philadelphia Indemnity Insurance Company, is an insurance company organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in the Commonwealth of Pennsylvania.

2. Upon information and belief, Defendant Rached Merheb DBA Star Limo and Star Limo LLC ("Star Limo"), is a business entity organized under the laws of New Mexico, with its principal place of business in New Mexico.

3. Upon information and belief, Defendant Vango LLC d/b/a 505 Vango ("Vango"), is a business entity organized under the laws of New Mexico, with its principal place of business in New Mexico.

4. Upon information and belief, nominal Defendants Majdeline Adi Dajani, Individually, and as Parent, Guardian, and Next Friend of Naveen Dajani; Naydeen Dajani, Individually; Ausifa Hamdan, Individually, and as Parent, Guardian, and Next Friend of Dayna Hamdan; Hana Hamdan, Individually; Samia Ahmad, Individually, and as Parent, Guardian, and Next Friend of Amanni Ali; and Rola St. George, Individually, and as Parent, Guardian, and Next Friend of Jeanine St. George are residents of New Mexico.

## JURISDICTION

5. There exists diversity of citizenship between Philadelphia and the above captioned defendants, the amount in controversy exceeds $75,000, and this Court has jurisdiction pursuant to 28 U.S.C.A. § 1332(a)(1).

6. Venue is proper in this court pursuant to 28 U.S.C.A. § 1391(a) because the events giving rise to this complaint occurred in this district.

## FACTS

### NATURE OF THE PRESENT CASE

7. This is an action for the rescission of commercial auto coverage issued by Philadelphia to Star Limo due to material misrepresentations made by Star Limo in its applications for insurance, of which said misrepresentations were: (1) material; (2) made to be relied on; (3) and were in fact relied on.

8. In the alternative, Philadelphia seeks a declaratory judgment that Vango is not an insured under any of the policies issued by Philadelphia to Star Limo.

9. In addition or in the alternative, Philadelphia seeks a declaratory judgement that the commercial auto coverage afforded by Philadelphia, if any, is limited to $1 million and that the umbrella policy issued to Star Limo excludes commercial auto coverage for any entity.

10. In addition or in the alternative, Philadelphia seeks a declaratory judgment that the general liability coverage afforded by Philadelphia, excludes coverage for the underlying lawsuits.

**2013-2014 APPLICATIONS**

11. In 2013, Star Limo applied for insurance coverage from Philadelphia requesting commercial auto insurance coverage with limits of liability of $1 million.

12. As part of the application process, Star Limo completed a Commercial Insurance Application and a Chauffeured Transportation Application (the "applications"). Attached as Exhibit 1 is the Commercial Insurance Application and the Chauffeured Transportation Application.

13. In the applications, Star Limo identified its website as www.505starlimo.com.

14. In the applications, Star Limo described its primary operations as "for hire by appointment only limo services".

15. In the applications, Star Limo answered "No" to the question, "Does the Applicant have any subsidiaries?"

16. In the applications, Star Limo answered "No" to the question, "Do you lease your vehicles out to others?"

17. In the applications, Star Limo was asked to identify and did identify vehicles to be insured and all drivers that would be driving Star Limo's vehicles.

18. The Chauffeured Transportation Insurance Application included New Mexico's Fraud Notice which advises the applicant that:

> ANY PERSON WHO KNOWINGLY PRESENTS FALSE OR FRAUDULENT CLAIM FOR PAYMENT OF A LOSS OR BENEFIT OR KNOWINGLY PRESENTS FALSE

INFORMATION IN AN APPLICATION FOR INSURANCE IS GUILTY OF A CRIME AND MAY BE SUBJECT TO CIVIL FINES AND PENALTIES.

19. In April 2013, Philadelphia generated multiple Proposals for Insurance based on Star Limo's request for $1 million in auto insurance coverage. Attached as Exhibit 2 is the April 12, 2013 Proposal for Insurance.

20. In April 2013, Star Limo also applied for umbrella insurance coverage.

21. As part of the application process, Star Limo completed the umbrella/excess section of the Commercial Insurance Application. Attached as Exhibit 3 is the umbrella/excess section of the Commercial Insurance Application.

22. The umbrella/excess section of the Commercial Insurance Application identified the underlying auto liability limits of $1 million.

23. In April 2013, Philadelphia generated multiple Proposals for Insurance for business umbrella coverage which provided that auto coverage would be excluded. Attached as Exhibit 4 is the April 12, 2013 Proposal for Insurance.

## 2013-2014 INSURANCE POLICIES

24. In April 2013, in reliance upon the applications and the representations made therein including the representation that Star Limo did not lease vehicles out to others, Philadelphia issued a Commercial Lines Insurance Policy No. PHPK1005916 to Star Limo (the "2013-2014 Policy"). Attached as Exhibit 5 is a certified copy of Policy No. PHPK1005916.

25. Attached to and forming part of the 2013-2014 Policy was a Commercial Auto Coverage Part (the "2013-2014 Auto Policy").

26. The Limits of Liability applicable to the commercial auto coverage under the 2013-2014 Auto Policy are $1 million.

27. The 2013-2014 Auto Policy also includes the following condition:

B. General Conditions

***

2. Concealment, Misrepresentation or Fraud

> This coverage form is void in any case of fraud by you at any time as it relates to this coverage form.  It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:
>     a.    This coverage form;
>     b.    The covered "auto";
>     c.    Your interest in the covered "auto"; or
>     d.    A claim under this coverage form.
>
> The unintentional omission of, or unintentional error in, any information given by you shall not prejudice your rights under this insurance.  However, this provision does not affect our right to collect additional premium or exercise our right of cancellation or non-renewal.

28.    In April 2013, Philadelphia also issued a Commercial Umbrella Liability Insurance Policy No. PHUB417502 to Star Limo (the "2013-2014 Umbrella Policy"). Attached as Exhibit 6 is a certified copy of Policy No. PHUB417502.

29.    Attached to and forming part of the 2013-2014 Umbrella Policy was a Forms Schedule that identified an endorsement titled "Automobile Liability Exclusion".

30.    Attached to and forming part of the 2013-2014 Umbrella Policy was an Automobile Liability Exclusion Endorsement which provided:

> This insurance does not apply to any liability, damage, loss, cost or expense arising out of the ownership, operation, maintenance, use, "loading or unloading" or entrustment to others of an "auto".

### 2014-2015 RENEWAL

31.    In January 2014, Philadelphia advised Star Limo that the commercial lines insurance policy issued for 2013-2014 was up for renewal and requested that Star Limo complete the renewal survey. Attached as Exhibit 7 is the January 15, 2014 letter sent to Star Limo.

32.    The renewal survey provided an opportunity for Star Limo to provide any changes to the insurance coverage being renewed.

33.    In February 2014, Star Limo did not make any changes to the information in the renewal survey, signed it and submitted it to Philadelphia.  Attached as Exhibit 8 is the executed renewal survey.

34. Philadelphia generated Proposals for Insurance for business auto coverage based on $1 million limits of liability. Attached as Exhibit 9 is the April 7, 2014 Proposal for Insurance.

35. Philadelphia generated Proposals for Insurance for business umbrella coverage. Attached as Exhibit 10 is the March 26, 2014 Proposal for Insurance.

36. The Proposals for Insurance for the business umbrella coverage provided that auto liability coverage would be excluded.

## 2014-2015 INSURANCE POLICIES

37. In reliance upon the 2013-2014 applications and the representations made therein, including the representation that Star Limo did not lease vehicles out to others, along with the renewal survey and the documents submitted therewith, Philadelphia issued Commercial Lines Insurance Policy No. PHPK1158159 to Star Limo (the "2014-2015 Policy"). Attached as Exhibit 11 is a certified copy of Policy No. PHPK1158159.

38. Attached to and forming part of the 2014-2015 Policy was a Commercial General Liability Coverage Part (the "2014-2015 General Liability Policy").

39. The 2014-2015 General Liability Policy excludes coverage for "'[b]odily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured…."

40. Attached to and forming part of the 2014-2015 Policy was a Commercial Auto Coverage Part (the "2014-2015 Auto Policy").

41. The Limits of Liability applicable to the commercial auto coverage under the 2014-2015 Auto Policy are $1 million.

42. The 2014-2015 Auto Policy provides:

SECTION II – LIABILITY COVERAGE
A. Coverage
We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

43. The 2014-2015 Auto Policy further provides:

    1. Who Is An Insured
       The following are "insureds":
       a. You for any covered "auto".
       b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
          (1) The owner or anyone else from whom you hire or borrow a covered "auto".

          This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

          (2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.
          (3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.
          (4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".
          (5) A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.
       c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

44. The 2014-2015 Auto Policy also include the following condition:

B. General Conditions

2. Concealment, Misrepresentation or Fraud
This coverage form is void in any case of fraud by you at any time as it relates to this coverage form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:
    a.    This coverage form;
    b.    The covered "auto";
    c.    Your interest in the covered "auto"; or
    d.    A claim under this coverage form.

The unintentional omission of, or unintentional error in, any information given by you shall not prejudice your rights under this insurance. However, this provision does not affect our right to collect additional premium or exercise our right of cancellation or non-renewal.

45. The Business Auto Schedule attached to and forming part of the 2014-2015 Auto Policy identified a 2009 Ford Econoline E350 VIN 1FBSS31L89DA93907 as a scheduled vehicle.

46. In April 2014, Philadelphia also issued a Commercial Umbrella Liability Insurance Policy No. PHUB455609 to Star Limo (the "2014-2015 Umbrella Policy"). Attached as Exhibit 12 is a certified copy of Policy No. PHUB455609.

47. Attached to and forming part of the 2014-2015 Umbrella Policy was a Forms Schedule that identified an endorsement titled "Automobile Liability Exclusion".

48. Attached to and forming part of the Umbrella Policy was an Automobile Liability Exclusion Endorsement which provided:

> This insurance does not apply to any liability, damage, loss, cost or expense arising out of the ownership, operation, maintenance, use, "loading or unloading" or entrustment to others of an "auto".

49. The 2014-2015 Umbrella Policy further provides:

SECTION II – WHO IS AN INSURED

***

> f. Any other person or organization insured under any policy of the "underlying insurance." This grant is subject to all the limitations upon coverage under such policy other than the limits of the "underlying insurers" liability.

***

## THE UNDERLYING LAWSUITS

50. In September 2017, three lawsuits were filed against Defendants arising out of a motor vehicle accident.

51. The three lawsuits are captioned: Majdeline Adi Dajani, Individually, and as Parent, Guardian, and Next Friend of Naveen Dajani, and Naydeen Dajani, Individually v. Philadelphia Indemnity Insurance Company, Rached K. Merheb d/b/a Start Limo, Star Limo LLC, Star Limo, and Vango LLC d/b/a 505 Vango, State of New Mexico, County of Bernalillo, Second Judicial District Court, Cause No. D-202-CV-2017-06437; Ausifa Hamdan, Individually,

and as Parent, Guardian, and Next Friend of Dayna Hamdan, and Hana Hamdan, Individually v. Philadelphia Indemnity Insurance Company, Rached K. Merheb d/b/a Start Limo, Star Limo LLC, Star Limo, and Vango LLC d/b/a 505 Vango, State of New Mexico, County of Bernalillo, Second Judicial District Court, Cause No. D-202-CV-2017-06421; and Samia Ahmad, Individually, and as Parent, Guardian, and Next Friend of Amanni Ali, and Rola St. George, Individually, and as Parent, Guardian, and Next Friend of Jeanine St. George v. Philadelphia Indemnity Insurance Company, Rached K. Merheb d/b/a Start Limo, Star Limo LLC, Star Limo, and Vango LLC d/b/a 505 Vango, State of New Mexico, County of Bernalillo, Second Judicial District Court, Cause No. D-202-CV-2017-06493 (collectively the "underlying lawsuits"). Attached as Exhibit 13 are the underlying lawsuits.

52. The allegations in the underlying lawsuits all arise from the same motor vehicle accident and are substantially similar.

53. The underlying lawsuits allege that the underlying plaintiffs, along with a group of other mothers and daughters, sought to attend a concert in El Paso as a group mother-daughter outing.

54. To attend the concert, the underlying lawsuits allege that the group rented a 2009 Ford Econoline E350 VIN 1FBSS31L89DA93907.

55. The underlying lawsuits further allege that in September 2014, as underlying plaintiffs were traveling to the concert, the tire tread(s) on the 2009 Ford E350 VIN 1FBSS31L89DA93907 separated causing the vehicle to be uncontrollable and leave the roadway and roll over multiple times.

56. The underlying lawsuits allege that as a result of the vehicle leaving the roadway and rolling over several times, the underlying plaintiffs suffered serious bodily injuries and sustained damages.

## COUNT I RESCISSION

57. Paragraphs 1 through 56 are incorporated by reference as if more fully set forth at length.

58. Star Limo's 2013-2014 applications for insurance contained material misrepresentations.

59. When procuring insurance for 2013-2014 and 2014-2015, Star Limo intended for Philadelphia to rely on those misrepresentations.

60. Philadelphia did, in fact, rely on those misrepresentations.

61. Had Star Limo provided truthful representations, Philadelphia would not have issued the 2013-2014 and 2014-2015 Auto Policies.

62. Accordingly, Philadelphia seeks rescission of the 2013-2014 and 2014-2015 Auto Policies.

**COUNT II DECLARATORY JUDGMENT**
**(VANGO IS NOT AN INSURED UNDER THE 2014-2015 POLICY**
**AND THE 2014-2015 UMBRELLA POLICY)**

63. Paragraphs 1 through 63 are incorporated by reference as if more fully set forth at length.

64. In the alternative, Philadelphia seeks a declaration that Vango is not an insured under the 2014-2015 Policy and 2014-2015 Umbrella Policy.

65. Vango did not apply for insurance coverage from Philadelphia.

66. Vango was not identified in any application Star Limo submitted to Philadelphia.

67. Star Limo did not disclose its relationship, if any, to Vango.

68. The 2014-2015 Policy was issued to Star Limo.

69. The 2014-2015 Policy identifies additional insureds.

70. The 2014-2015 Policy also identifies "Who Is An Insured".

71. Vango is not identified as a Named Insured, additional insured nor does it fall within the scope of Who Is An Insured.

72. The 2014-2015 Umbrella Policy was issued to Star Limo.

73. The 2014-2015 Umbrella Policy identifies "Who Is An Insured".

74. Vango does not fall within the scope of Who Is An Insured under the 2014-2015 Umbrella Policy.

**COUNT III DECLARATORY JUDGMENT
(LIMIT OF LIABILITY OF $1 MILLION UNDER
THE 2014-2015 AUTO POLICY/NO AUTO COVERAGE UNDER
THE 2014-2015 UMBRELLA POLICY)**

75.     Paragraphs 1 through 74 are incorporated by reference as if more fully set forth at length.

76.     In addition, and/or in the alternative, Philadelphia seeks a declaration that there is only $1 million available to Star Limo under the 2014-2015 Auto Policy for the underlying lawsuits and that the 2014-2015 Umbrella Policy excludes coverage for liability arising out of, among other things, the ownership and use of an auto.

77.     The Business Auto Declarations provide that there are limits of liability of $1 million.

78.     The 2014-2015 Umbrella Policy, like the 2013-2014 Umbrella Policy, includes an Automobile Liability Exclusion Endorsement that excludes coverage for liability arising out of, among other things, the ownership and use of an auto.

79.     The underlying lawsuits seek damages for liability arising out of the ownership and/or use of an auto.

**COUNT IV DECLARATORY JUDGMENT
(NO COVERAGE UNDER THE
2014-2015 GENERAL LIABILITY POLICY)**

80.      Paragraphs 1 through 79 are incorporated by reference as if more fully set forth at length.

81.     In addition, and/or in the alternative, Philadelphia seeks a declaration that there is no coverage for the underlying lawsuits under the 2014-2015 General Liability Policy.

82.     The 2014-2015 General Liability Policy excludes coverage for "'[b]odily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured…."

83. The underlying lawsuits allege bodily injury arising out of the ownership, maintenance, use and/or entrustment to others of an auto owned by Star Limo.

## **CONCLUSION**

WHEREFORE, Philadelphia respectfully requests judgment by the Court against the Defendants individually, jointly and severally as follows:

a. declaring that the 2014-2015 Auto Policy issued to Star Limo is rescinded.

b. declaring, in the alternative, that Vango is not an insured under the 2014-2015 Policy and the 2014-2015 Umbrella Policy.

c. declaring, in addition or in the alternative, that the limit of liability available under the 2014-2015 Auto Policy for the underlying lawsuits is $1 million and there is no auto liability coverage for the underlying lawsuits under the 2014-2015 Umbrella Policy.

d. declaring, in addition or in the alternative, that the 2014-2015 General Liability Policy excludes coverage for the underlying lawsuits.

DATED this 8TH day of January, 2018.

                                              FORAN GLENNON PALANDECH
                                              PONZI & RUDLOFF PC

By: s/ Amy M. Samberg – electronically file
     Amy M. Samberg
     One Renaissance Tower
     Two North Central Avenue,
     Suite 1800
     Phoenix, Arizona 85004
     Attorneys for Plaintiff

By: _____
     Seth L. Sparks
     Rodey, Dickason, Sloan, Akin & Robb, P.A.
     201 Third Street NW, Suite 2200
     Albuquerque, New Mexico 87102
     Attorneys for Plaintiff